UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00333-FDW

| | |
|---|---|
| PAUL VALDEZ-BEY, )<br>)<br>       **Plaintiff,** )<br>)<br>vs. )<br>)<br>FNU CASTALONE, et al., )<br>)<br>       **Defendants.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. 28 U.S.C. § 1915(e). Plaintiff is proceeding in forma pauperis. [Docs. 15, 16].

## I. BACKGROUND

Pro se Plaintiff Paul Valdez-Bey ("Plaintiff") was an inmate of the State of North Carolina previously incarcerated at Central Prison in Raleigh, North Carolina, and detained at Buncombe County Detention Center ("Detention Center"). [See Docs. 1, 12]. Plaintiff has been released from incarceration and now resides in Greensboro, North Carolina. Plaintiff filed this action on December 3, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff names FNU Castalone, FNU Patton, and FNU Sims, all identified as officers at the Detention Center, as Defendants in this matter. [Id. at 3]. Plaintiff alleges specifically as follows:

> On 12-17-18 14:25 on the 6th floor East Block Officer Patton's officer Sims try to make me go against my religious belief by bringing me a diabetic food tray to eat, when in fact I was on a Kosher diet I denied to eat it so they told me to cuff up I complied so as I was being taken out 6E housing unit officer Castalone and Patton began to use uneccesary force while in handcuffs I was then picked up by my feet and then they drove my face to the ground and began to bend my foot and arm and wrist and Patton all his with his knee on my head and mashing my head several times scraping the skin off my face till the white meat while a hole was in my chin as I

> layed in a puddle of blood.

[Doc. 1 at 3-4 (spelling and grammatical errors uncorrected)]. Plaintiff does not allege which particular rights he believes were violated by this alleged conduct, but his allegations fairly raise issues related to the First, Eighth, and Fourteenth Amendments[1] to the U.S. Constitution and related to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq.

For relief, Plaintiff seeks injunctive relief and monetary damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

[1] Because Plaintiff was a detainee, his excessive force claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is generally the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment).

2

## III.     DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

When assessing an Eighth Amendment excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendants FNU Patton and FNU Castalone based on the use of excessive force.

As for Plaintiff's claim that Defendant Sims interfered with Plaintiff's religious beliefs by providing him a non-Kosher meal, the Court gives Plaintiff the benefit of considering this claim both under the First Amendment and the RLUIPA. RLUIPA provides, in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the

3

government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "RLUIPA thus protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

Under RLUIPA, the plaintiff bears the initial burden of showing that the challenged policy substantially burdens his exercise of his religion. See 42 U.S.C. § 2000cc-2(b); Holt v. Hobbs, 135 S. Ct. 853, 862 (2015). The statute defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Smith v. Ozmint, 578 F.3d 246, 251 (4th Cir. 2009). A "'substantial burden' is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, [] or one that forces a person to choose between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning one of the precepts of her religion on the other hand." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quotations, citation, and alterations omitted).

Once the inmate makes a prima facie showing, the burden shifts to the government to prove that "the burden in question is the least restrictive means of furthering a compelling governmental interest." Ozmint, 578 F.3d at 250. "'RLUIPA adopts a . . . strict scrutiny' standard." Couch v. Jabe, 679 F.3d 197, 203 (4th Cir. 2012) (quoting and citing Lovelace, 472 F.3d at 198 n.8). Under RLUIPA, the court must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter, 544

4

U.S. at 723 (quotation omitted). "However, 'a court should not rubber stamp or mechanically accept the judgments of prison administrators.' . . . Rather, due deference will be afforded to those explanations that sufficiently 'take[] into account any institutional need to maintain good order, security, and discipline.'" Couch, 679 F.3d at 201 (quoting Lovelace, 472 F.3d at 190).

As for Plaintiff's First Amendment claim, the Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90. Claims brought under the First Amendment are subject to a less demanding standard of proof than claims brought under RLUIPA, with RLUIPA claims requiring "strict scrutiny instead of reasonableness." See

5

Lovelace, 472 F.3d at 199 n.8.

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment and RLUIPA claims are not clearly frivolous and therefore survive initial review. See Carter v. Fleming, 879 F.3d 132, 140-41 (4th Cir. 2018) (reversing grant of summary judgment for defendants where prisoner raised genuine issue of material fact as to whether defendants' action in preventing plaintiff from receiving meals in compliance with his dietary restrictions substantially burdened his ability to practice his religion).

In sum, Plaintiff has stated a claim against Defendants Patton and Castalone based on the use of excessive force. Further, Plaintiff's claim against Defendant Sims based on interference with Plaintiff's practice of religion is not clearly frivolous.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's claims survive initial review.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e).

2. The Clerk is directed to mail three (3) blank summonses to Plaintiff to fill out and identify Defendants for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Signed: April 18, 2020

_____
Frank D. Whitney
Chief United States District Judge